NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENDALL SPELLER BAERGA - CICCERO, | : : : |
| Plaintiff, | : Civil No. 10-3488 (SRC) : |
|  | : **OPINION & ORDER** |
| v. | : : |
| MR. JOHN CICCERO and DONNA UZZELLA | : : : |
| Defendants. | : : |

CHESLER, District Judge

This matter comes before the Court on the application of Plaintiff Kendall Speller Baerga-Ciccero ("Plaintiff") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(a), grants the application. The Court has also reviewed the Complaint, and for the reasons that follow, dismisses the Complaint without prejudice, on the Court's own motion, pursuant to 28 U.S.C. §1915(e)(2)(B).

Plaintiff seeks leave to proceed *in forma pauperis*. The Application To Proceed In Forma Pauperis filed by Plaintiff states that he is unemployed and has $0 in either cash or a bank account. The Court is satisfied that this filing meets the requirements of 15 U.S.C. § 1915(a)(1) and will grant Plaintiff's request to proceed without prepayment of fees.

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. In order to prevent

abusive or captious litigation, § 1915(e)(2)(B) requires that the Court dismiss a case if it determines that the action cannot or should not proceed on the merits.  See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action which is totally without merit").  The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal --
>       (I) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  The Court has accordingly reviewed the Complaint to determine whether dismissal on any of the enumerated grounds is warranted.

The Court gathers the following facts from the Complaint and assumes their truth for purposes of this motion only.  The Court notes initially that it is not entirely clear against whom or what the Complaint directs its section 1983 claims.  Plaintiff states he "is up against prophecy which is true and I'm afraid of what about to take place with murder as well as rape already took place and assault on my entire body . . they just keep taking my important information documents."  Based on these actions, Plaintiff has filed an action under 42 U.S.C. § 1983 for violation of his civil rights.

Plaintiff is a *pro se* plaintiff.  As such, the Court construes his pleadings liberally and to a less stringent standard than those pleadings filed by lawyers.  Haines v. Lerner, 404 U.S. 519,

520 (1972). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions," "legal conclusions," or incomprehensible assertions. Id. Even giving the Plaintiff the benefits entitled to *pro se* Plaintiffs, the Court, due to the incomprehensible nature of the Complaint, is unable to determine who did what in violation of Plaintiff's civil rights. Based on the limited, confusing assertions, the Court is unable to decipher a basis for any federal claim.

Therefore, for the foregoing reasons,

**IT IS** on this 22$^{2d}$ day of July, 2010,

**ORDERED** that Plaintiff may proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court is to file the Complaint in the above-captioned action; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular U.S. mail.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.